```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:14-cr-84-JMH-2 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CATHERINE GABRIELLE LEAKE, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\* \* \* \* \*

Defendant Leake moves, pursuant to Federal Rule of Criminal Procedure 14, to sever her trial from that of her co-defendant Neal Scott Stone as to Count 1 of the indictment. [DE 35]. The Court conducted a hearing on this motion on October 7, 2014, during which arguments from both parties were heard. Having considered the motion and applicable law, the Court is prepared to rule on this matter. For the following reasons, Leake's motion to sever will be denied.

Leake was arrested on May 13, 2014, after allegedly participating in a controlled purchase of narcotics with her co-defendant Stone and a cooperating individual ("CI"). Stone was also arrested, but was released after posting bond. Leake's bond was set at $30,000. Stone is alleged to have provided the CI with money to bond Leake out. When the CI attempted to pay Leake's bond, however, the money was seized as drug proceeds.

The circumstances that are alleged to have followed that seizure form the basis for Count 1 of the indictment. The government contends that Stone was very upset about the money having been seized and, as part of a plan to make back the money, took possession of a fake kilogram of cocaine from the CI. Stone was to sell the "cocaine" to recoup his loss and any proceeds in excess of $30,000 were to be returned to the CI. Based on the alleged conduct, Stone is charged with knowingly and intentionally possessing, with the intent to distribute, 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. In Counts 2 through 4, both Stone and Leake are charged with other drug crimes.

Leake contends that she was not involved in the conduct underlying Count 1 of the indictment and that her defense will be prejudiced if she is tried alongside Stone as he is tried on Count 1. Further, she argues, her defense will be "hotly antagonistic" against Stone and, thus, both defendants will be prejudiced by a joint trial.

Generally, persons jointly indicted should be tried together. *United States v. Gallo,* 763 F.2d 1504, 1525 (6th Cir. 1985). Joint trials for defendants who are indicted together promote efficiency and serve the interests of justice by

avoiding inconsistent verdicts. *United States v. Zafiro,* 506 U.S. 534, 537 (1993). This Court will grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. In urging the Court to sever the trial with respect to Count 1, Leake argues that none of the evidence with respect to Count 1 would be admissible against her and, thus, she would be prejudiced by its inclusion in her trial. She fails, however, to identify a specific trial right that would be compromised or any specific anticipated evidence which she believes would be prejudicial.

Generally, where there is a factual relationship between the counts at issue, a joint trial is proper. *See United States v. Walker,* 1 F.3d 423, 428 (6th Cir. 1993) (defendant's motion to sever was properly denied where there was a factual relationship between charged and uncharged counts). While Leake contends that she was not involved in the activity underlying Count 1, clearly there is a factual relationship between all of the Counts. Leake's alleged involvement in the conduct upon which Counts 2 through 4 are based is the reason she was in custody in the first instance. Had Leake not been in custody, there would have been no seizure of the bond money and,

3

consequently, no plan to recoup the $30,000.  Additionally, Leake has not identified any specific prejudice that would result from a joint trial or from the antagonistic defense she intends to use against Stone.  A risk of simple prejudice is insufficient to warrant severing the trials of co-defendants—the prejudice must be "compelling, specific, and actual." *United States v. Gardiner,* 463 F.3d 445, 473 (6th Cir. 2006); *see United States v. Breinig,* 70 F.3d 850, 853 (6th Cir. 1995) (citing *Zafiro,* 506 U.S. at 535-59) ("A mutually antagonistic defense is not prejudicial *per se.*").  "Hostility among defendants or the attempt of one defendant to save himself by inculpating another does not require that the defendants be tried separately." *United States v. Fields,* 763 F.3d 443, 457 (6th Cir. 2014) (citing *United States v. Warner,* 971 F.2d 1189, 1196 (6th Cir. 1992)).

Finding that no specific, compelling prejudice exists, the Court determines that any potential prejudice can be cured by a limiting instruction.  *See United States v. Driver,* 535 F.3d 424, 427 (6th Cir. 2008).  Jurors are presumed to follow limiting instructions, *see United States v. McCafferty,* 482 F. App'x 117, 123 (6th Cir. 2012), and Leake has failed to identify any reason that a limiting instruction would not cure any potential prejudice in this matter.

Accordingly, **IT IS ORDERED** that Leake's motion to sever, [DE 35], is hereby **DENIED.**

This the 14th day of October, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge